UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEPH TOWERS, LLC, YURI (URI) KASPAROV<br><br>Plaintiffs,<br><br>-against-<br><br>AMBIT TEXAS, LLC, CHRIS CHAMBLESS, STEVEN THOMPSON<br><br>Defendants. | Civil Action No. 1:12-cv-03488-JG-JO<br><br>Jury Trial Demanded |

## DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED VERIFIED COMPLAINT

DATE: January 10, 2013

Stephen C. Rasch
Texas Bar No. 16551420, *pro hac vice*

Gabrielle Farina
New York Bar No. 4363412

Matthew M. Mitzner
Texas Bar No. 24068911, *pro hac vice*

Thompson & Knight LLP
900 Third Avenue, 20th Floor
New York, NY 10022-4728
Telephone: 212.751.3014
Facsimile: 214.999.1592

ATTORNEYS FOR DEFENDANTS
AMBIT TEXAS, LLC,
CHRIS CHAMBLESS, AND
ROBERT STEPHEN THOMPSON.

TABLE OF CONTENTS

**Page**

I.   Summary of the Reply ..................................................................1

II.  Argument and Authorities ...........................................................1

    A.   Plaintiffs Have Not Established Subject-Matter
        Jurisdiction............................................................................1

        1.   Plaintiffs cannot shift their burden to
            demonstrate jurisdiction..............................................1

        2.   Plaintiffs' continued ignorance of the legal
            requirements for pleading subject-matter
            jurisdiction shows their lack of diligence ...................2

        3.   The Second Circuit does not relieve Plaintiffs of
            their burden ................................................................3

        4.   Plaintiffs cannot use discovery to cure their lack
            of diligence ................................................................4

    B.   Plaintiffs Fail to Make a *Prima Facie* Case for Personal
        Jurisdiction............................................................................5

        1.   Plaintiffs confuse general and specific jurisdiction .................5

        2.   Plaintiffs' legal conclusions do not support
            specific jurisdiction ....................................................6

    C.   Plaintiffs' Allegations in the Complaint Do Not
        Support Elements of Their Claims .........................................7

        1.   The Complaint does not allege facts supporting
            intent to defraud .......................................................7

        2.   Plaintiffs' new allegations cannot save their breach-
            of-contract claims ......................................................8

        3.   The Complaint does not plead facts suggesting an
            illegal agreement ......................................................8

        4.   The Complaint does not demonstrate that a fiduciary
            relationship existed ...................................................9

5.      Defendants' alleged enrichment was not unjust .....................10

6.      Kasaparov bases his promissory estoppel claim on his
        invalid agency theory ............................................................10

<u>T<small>ABLE OF</small> A<small>UTHORITIES</small></u>

<u>**Page**</u>

<u>**Cases**</u>

*Acito v. IMCERA Grp., Inc.*,
    47 F.3d 47 (2d Cir. 1995) ...................................................................................7

*Baer v. United Servs. Auto Ass'n*,
    503 F.2d 393 (2d Cir. 1997) ...............................................................................2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................8, 9

*Camofi Master LDC v. Coll. P'ship, Inc.*,
    452 F. Supp. 2d 462 (S.D.N.Y. 2006) ...............................................................7

*Edison Fund v. Cogent Inv. Strategies Fund, Ltd.*,
    551 F. Supp. 2d 210 (S.D.N.Y. 2008) ...............................................................7

*Emerald Asset Advisors, LLC v. Schaffer*,
    No. 11-CV-1871 (ADS) (WDW), 2012 WL 3870318
    (E.D.N.Y. Sept. 6, 2012) ....................................................................................9

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
    375 F.3d 168 (2d Cir. 2004)...............................................................................7

*Fifth Third Bank v. Flatrock 3, LLC*,
    No. 09-CV-06051 (DMC-JAD), 2010 WL 2998305
    (D.N.J. July 21, 2010) ........................................................................................3

*Greenstone v. Cambex Corp.*,
    975 F.2d 22 (1st Cir. 1992) ...............................................................................7

*Handelsman v. Bedford Village Assocs., L.P.*,
    213 F.3d 48 (2d Cir. 2000)..............................................................................2, 3

*Herrick Co. v. SCS Commc'ns, Inc.*,
    251 F.3d 315 (2d Cir. 2001)..........................................................................2, 3, 4

*Jacobs v. Patent Enforcement Fund, Inc.*,
    230 F.3d 565 (2d Cir. 2000)............................................................................3, 4

*Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998) ..............................................................................6

*JBARM, L.L.P. v. Mad River Post, Inc.,*
No. 3:06-CV-2079-L, 2006 WL 3337354
(N.D. Tex. Nov. 16, 2006) ...................................................................3

*Jin v. EBI, Inc.,*
No. 05-CV-4201 (NGG)(SMG),
2008 WL 896192 (E.D.N.Y. Mar. 31, 2008) ......................................6

*King County, Washington v. IKB Deutsche Industriebank AG,*
863 F. Supp. 2d 288 (S.D.N.Y. 2012) ...............................................10

*Martin v. Dickson,*
100 Fed. Appx. 14 (2d Cir. 2004) .......................................................5

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,*
84 F.3d 560 (2d Cir. 1996) ..................................................................6

*Nasso v. Seagal,*
263 F. Supp. 2d 596 (E.D.N.Y. 2003) .................................................3

*PI, Inc. v. Quality Prods., Inc.,*
907 F. Supp. 752 (S.D.N.Y. 1995) ......................................................7

*Saltz v. First Frontier, LP,*
782 F. Supp. 2d 61 (S.D.N.Y. 2010) ...................................................7

*Sheikh v. York,*
No. 11-cv-15533, 2012 WL 1004853
(E.D. Mich. Mar. 26, 2012) ................................................................3

*Sourceone Healthcare Techs., Inc. v. Bensonhurst Imaging Assocs.,*
No. 08 cv 2568(BMC), 2008 WL 2697324
(E.D.N.Y. June 2, 2008) ..................................................................4, 5

*Thermal Imaging, Inc. v. Sandgrain Secs., Inc.,*
158 F. Supp. 2d 335 (S.D.N.Y. 2001) ...............................................10

*Tuchman v. DSC Commc'ns Corp.,*
14 F.3d 1061 (5th Cir. 1994) ..............................................................7

*Virtual Worlds, LLC v. Seaboard Int'l Energy Corp.,*
No. CV 10-4432 PA (JCGx), 2010 WL 2553468
(C.D. Cal. June 18, 2010) ...................................................................3

*Wexner v. First Manhattan Co.,*
902 F.2d 169 (2d Cir. 1990) ...............................................................7

**PAGE iv**

*World Wide Plumbing Supply, Inc. v. DDI Sys. LLC*,
    No. 11 Civ. 5091(BMC), 2011 WL 5024377
    (E.D.N.Y Oct. 20, 2011) .........................................................................4

## **Federal Rules**

FED. R. CIV. P. 8 .........................................................................................1

FED. R. CIV. P. 9 ......................................................................................1, 7

FED. R. CIV. P. 11 ................................................................................1, 4, 5

FED. R. CIV. P. 15(a) ..................................................................................6

## **State Statute**

N.Y. C.P.L.R. §  302(a) ............................................................................6

## I.      Summary of the Reply

Plaintiffs' Opposition[1] simply reiterates the fatal defects present in the Complaint.[2] Turning their burden to establish subject-matter jurisdiction on its head, Plaintiffs accuse Defendants of failing to *disprove* subject-matter jurisdiction. They continue to rely on the same defective jurisdictional allegations despite contrary law. They cannot cure their failure to invoke diversity jurisdiction through amendment when they cannot satisfy their burden to properly allege that it exists. Nor can they employ jurisdictional discovery when their lack of diligence in following the law shows their failure to satisfy Rule 11.

Plaintiffs base their personal jurisdiction allegations—in which they appear to argue only that specific jurisdiction exists—on legal conclusions and allegations that they do not sufficiently connect to New York. Such nonspecific allegations fail to satisfy Rule 8 and thus cannot support exercising personal jurisdiction over Defendants Chris Chambless and Robert Thompson.

In claiming that they have pleaded each element of every claim, Plaintiffs misinterpret what Rule 8—and Rule 9 with regard to their fraud claim—require. They have not pleaded a sufficient factual basis for any of their claims. The facts they do allege fail to support necessary elements for their claims. Their repeated failure to satisfy basic pleading requirements warrants dismissing the Complaint with prejudice.

## II.      Argument and Authorities

**A.      Plaintiffs Have Not Established Subject-Matter Jurisdiction.**

**1.      Plaintiffs cannot shift their burden to demonstrate jurisdiction.** In their Opposition, Plaintiffs imply that Defendants must disprove diversity, claiming "not once do

---

[1] Memorandum of Law in Opposition to Motion to Dismiss Amended Verified Complaint ("Opposition") (Doc. 24).
[2] Amended Verified Complaint ("Complaint") (Doc. 18).

Defendants actually deny the existence of diversity."[3] But Defendants have no burden to do so. Plaintiffs have the burden to allege facts sufficient to establish that both of them are citizens of different states from all Defendants.[4] Despite a second attempt, Plaintiffs have failed to do so and therefore cannot bring this case in this Court.

      2.     **Plaintiffs' continued ignorance of the legal requirements for pleading subject-matter jurisdiction shows their lack of diligence.** Plaintiffs still erroneously contend that a partnership and limited liability company's citizenships depend on their places of incorporation and principal place of business:

> …[D]efendant Ambit Texas, LLC is a Texas citizen, organized under the laws of the state of Texas, with its principal place of business in Texas.[5]
>
> Both Ambit Energy, L.P. and Ambit GenPar, Inc. are Texas entities with their principal place of business in Texas.[6]

In their Pre-Motion Conference letter, Defendants notified Plaintiffs that they must plead the citizenship of each of a limited liability company's members and each of a limited partnership's partners—limited and general partners.[7] At the Pre-Motion Conference, Plaintiffs' attorney admitted that the Complaint's jurisdictional allegations were deficient and sought amendment.

      Plaintiffs' continued reliance on the same deficient jurisdictional allegations made in their original complaint shows that they have not even attempted to research and properly plead the citizenships for partnerships and limited liability companies. A limited liability company and

---

[3] Opposition at 2.
[4] *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001); *Baer v. United Servs. Auto Ass'n*, 503 F.2d 393, 397 (2d Cir. 1997) ("Such a complaint, which on its face fails to negate the possibility that diversity does not exist, is defective.").
[5] Opposition at 3.
[6] *Id.*
[7] Pre-Motion Conference Letter at 2 (Doc. 5); *Handelsman v. Bedford Village Assocs., L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).

limited partnership's states of organization and principal places of business are irrelevant to their citizenships for purposes of diversity jurisdiction. Plaintiffs have not invoked this Court's jurisdiction because they have repeatedly failed to identify the citizenships of each of Defendant Ambit Texas, LLC's members.[8] Dismissal is therefore appropriate.

      **3.**     **The Second Circuit does not relieve Plaintiffs of their burden.** Plaintiffs acknowledge the cases in the Sixth, Third, Ninth, and Fifth Circuits holding that making subject-matter jurisdiction allegations "on information and belief" is insufficient.[9] Indeed, every case that Defendants have found addressing this issue has deemed such allegations deficient. Plaintiffs argue—with no support whatsoever—that the Second Circuit has rejected this established principle. But the cases they cite—*Herrick Co. v. SCS Communications, Inc.* and *Jacobs v. Patent Enforcement Fund, Inc.*—simply allow amendment to cure defective jurisdictional allegations *if the plaintiff is able to satisfy his burden to show that jurisdiction exists.*[10] *Herrick* confirmed that the party seeking to invoke jurisdiction "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete" and that "a complaint must present certain quite particular allegations of diversity jurisdiction in order to be adequate."[11] It merely recognized that, "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along," a court may allow amendment.[12] Likewise, under *Jacobs*, the opportunity for amendment depends on "circumstances in which extrinsic or

---

[8] *Handelsman*, 213 F.3d at 51-52; *Nasso v. Seagal*, 263 F. Supp. 2d 596, 605 n.14 (E.D.N.Y. 2003).
[9] Opposition at 4. *See Sheikh v. York*, No. 11-cv-15533, 2012 WL 1004853, at *2 (E.D. Mich. Mar. 26, 2012); *Fifth Third Bank v. Flatrock 3, LLC*, No. 09-CV-06051 (DMC-JAD), 2010 WL 2998305, at *3 (D.N.J. July 21, 2010); *Virtual Worlds, LLC v. Seaboard Int'l Energy Corp.*, No. CV 10-4432 PA (JCGx), 2010 WL 2553468, at *2 (C.D. Cal. June 18, 2010); *JBARM, L.L.P. v. Mad River Post, Inc.*, No. 3:06-CV-2079-L, 2006 WL 3337354, at *2 (N.D. Tex. Nov. 16, 2006).
[10] *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329-30 (2d Cir. 2001); *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000).
[11] *Herrick*, 251 F.3d at 322-23, 329.
[12] *Id.* at 329.

subsequently adduced evidence shows that diversity exists."[13]

*Herrick* and *Jacobs* in no way stand for the proposition that the Second Circuit deviates from established precedent as to whether jurisdictional allegations may be made "on information and belief." The Second Circuit in *Herrick* remanded the case back to district court because the plaintiff had "not established the facts necessary to demonstrate that diversity jurisdiction existed at the time the complaint in this case was filed."[14] *Jacobs* held that the defect in the plaintiffs' pleadings did not negate jurisdiction because the plaintiffs were able to prove diversity through their briefing and affidavits.[15] Plaintiffs' failure to properly allege diversity jurisdiction—after amendment—warrants dismissal.

   **4.    Plaintiffs cannot use discovery to cure their lack of diligence.** Plaintiffs' lack of diligence in researching and following the legal requirements for pleading subject-matter jurisdiction shows that they have violated Rule 11. They do not deserve a third opportunity to try to construct a case that can survive dismissal. Under Rule 11, the signature of Plaintiffs' counsel on the Complaint certifies that the factual contentions have evidentiary support.[16] So Rule 11 does not allow Plaintiffs to make defective allegations that diverse citizenship exists and hope that discovery will prove that it does.[17]

   Plaintiffs accuse Ambit of "keep[ing] the information about its members out of the public

---

[13] *Jacobs*, 230 F.3d at 568.
[14] *Herrick*, 251 F.3d at 330, 332.
[15] *Jacobs*, 230 F.3d at 567-68.
[16] FED. R. CIV. P. 11(b)(3).
[17] *Sourceone Healthcare Techs., Inc. v. Bensonhurst Imaging Assocs.*, No. 08 cv 2568(BMC), 2008 WL 2697324, at *2 (E.D.N.Y. June 2, 2008). *See World Wide Plumbing Supply, Inc. v. DDI Sys. LLC*, No. 11 Civ. 5091(BMC), 2011 WL 5024377, at *2 (E.D.N.Y. Oct. 20, 2011) ("If WWP does not know or cannot plead [the identity and citizenship of each member of the LLC] consistent with its obligations under Federal Rule of Civil Procedure 11, the case cannot be brought in this Court.").

eye" by "taking advantage of Texas business laws."[18] But "the fact that Congress has not chosen to treat other business entities the same way as corporations [who must disclose their state of incorporation and principal place of business] does not give plaintiff the right to sue first, and find out if there was a jurisdictional basis for suit later."[19] "Acceptance of [Plaintiffs'] theory would allow any limited partnership to be sued in any federal court on diversity grounds, subject to discovery confirming the presence or absence of diversity. Plaintiff[s'] lack of knowledge does not excuse [their] obligations under Rule 11."[20]

As purported support for jurisdictional discovery, Plaintiffs highlight the Second Circuit's practice of affording an opportunity for amendment to cure defective jurisdictional allegations.[21] But amendment is what this Court has already allowed. Further amendment would be futile because Plaintiffs have demonstrated—through the Complaint and their Opposition—that they still misunderstand what the law requires them to plead. Their repeated defective jurisdictional allegations warrant dismissing the Complaint.[22]

**B.   Plaintiffs Fail to Make a *Prima Facie* Case for Personal Jurisdiction.**

**1.   Plaintiffs confuse general and specific jurisdiction.** In asserting that Chambless and Thompson's declarations "mislead the Court,"[23] Plaintiffs misunderstand the type of personal jurisdiction that the declarations address. Chambless's and Thompson's declarations show that general jurisdiction does not exist in this case because they do not have continuous and

.

---

[18] Opposition at 5.
[19] *Sourceone*, 2008 WL 2697324, at *3.
[20] *Id.*
[21] Opposition at 6.
[22] *See Martin v. Dickson*, 100 Fed. Appx. 14, 16 (2d Cir. 2004) (affirming district court's order dismissing an action and denying leave to amend because, in part, it was not plaintiff's first "bite at the apple").
[23] Opposition at 9.

systematic general business contacts with New York.[24] Plaintiffs do not even claim that general jurisdiction exists in their Opposition. Their criticism is thus unfounded.

2.   **Plaintiffs' legal conclusions do not support specific jurisdiction.** Plaintiffs miss the point when arguing that their "over twenty pages of detailed facts" support exercising personal jurisdiction over Chambless and Thompson.[25] N.Y. C.P.L.R. § 302(a)(2)-(3) require Plaintiffs to allege facts showing that (1) Defendants' acts occurred in New York or were sufficiently New York-directed; and (2) those acts gave rise to a tort claim.[26]

In their Opposition, Plaintiffs attempt to amend the Complaint by now claiming that Thompson made the alleged misrepresentations at a dinner in New York.[27] But they cannot do so without leave.[28] Nor are the tortious acts they allege Chambless and Thompson committed sufficiently New York-directed. Plaintiffs attempt to tie many of the tortious acts they allege to New York via conclusory claims that Chambless and Thompson "derive substantial revenue from services rendered in New York."[29] But those assertions are nothing more than legal conclusions couched as factual allegations.[30]

Further, the acts that Plaintiffs allege Chambless and Thompson committed do not give rise to the fraud or conspiracy upon which they base their personal jurisdiction allegations. To satisfy New York's long-arm statute, the Complaint must adequately frame a cause of action in

---

[24] *See* Declaration of Robert Stephen Thompson (Doc. 22); Declaration of Chris Chambless (Doc. 21). General jurisdiction requires the plaintiff to show the defendant's "continuous and systematic general business contacts" with the forum state. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996).

[25] Opposition at 12.

[26] N.Y. C.P.L.R. § 302(a)(2)-(3).

[27] Opposition at 7-8.

[28] *See* Fed. R. Civ. P. 15(a).

[29] Opposition at 10.

[30] *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998); *Jin v. EBI, Inc.*, No. 05-CV-4201 (NGG)(SMG), 2008 WL 896192, at *2 (E.D.N.Y. Mar. 31, 2008) (dismissing pleading that "simply phrased legal conclusions as statements of fact," such as the assertion that defendant "derived substantial revenue" from services performed in New York).

**PAGE 6**

tort arising from the acts alleged.[31] But as explained in Defendants' Memorandum and below, Plaintiffs' tort claims in the Complaint are insufficient as a matter of law.[32] They cannot support the exercise of personal jurisdiction over Chambless and Thompson.

**C.    Plaintiffs' Allegations in the Complaint Do Not Support Elements of Their Claims.**

**1.    The Complaint does not allege facts supporting intent to defraud.** Plaintiffs again misunderstand the law when claiming that the Second Circuit permits them to generally plead intent. Although Rule 9(b) allows general assertions of malice, intent, and knowledge, the rule still requires "specific facts to support an inference of fraud."[33] And, in the Second Circuit, the plaintiff must state facts that support a "strong inference" of fraud.[34] Plaintiffs claim that Thompson defrauded Kasparov by not fulfilling promises made to Kasparov,[35] but they do not supply facts supporting Thompson's intent not to perform those alleged promises when he made them.[36] Thompson's financial motive alone is insufficient.[37]

Further, Plaintiffs specify neither the circumstances of Chambless's fraud nor facts supporting Chambless's intent. Chambless's alleged comment that Kasparov's downline would be optimized shows nothing more than an unfulfilled promise.[38] Likewise, his alleged act of granting Thompson—an Ambit consultant—access to Ambit's system does not even suggest an

---

[31] *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 760 (S.D.N.Y. 1995).
[32] *See* Defs.' Memorandum of Law in Support of Motion to Dismiss Amended Verified Complaint ("Memorandum") at 13-21 (Doc. 20); Complaint ¶¶ 180-205 (Doc. 18).
[33] *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994); *see Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir.1992).
[34] *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004); *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir.1990).
[35] *See* Complaint ¶¶ 181-183.
[36] *See Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 481 (S.D.N.Y. 2006) ("A mere unfulfilled promise cannot form the basis of fraud unless it was "made with the preconceived and undisclosed intention that [it] will not be performed.").
[37] *Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 72 (S.D.N.Y. 2010) . *See also Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 54 (2d Cir.1995); *Edison Fund v. Cogent Inv. Strategies Fund, Ltd.*, 551 F. Supp. 2d 210, 227 (S.D.N.Y.2008).
[38] Opposition at 15; Complaint ¶ 38.

PAGE 7

intent to defraud Kasparov.[39] Finally, contrary to Plaintiffs' assertion in their Opposition, the Complaint never alleges that Chambless "confirm[ed]…the fraud to Kasparov."[40] The Complaint merely states that "Chambless did not seem surprised at all" when he heard of Thompson's alleged conduct.[41] Chambless's alleged after-the-fact reaction regarding someone else's conduct does not imply his intent to defraud Kasparov. Plaintiffs have failed to allege actionable fraud.

  **2. Plaintiffs' new allegations cannot save their breach-of-contract claims.** In an attempt to show the existence of contracts with Ambit, Plaintiffs now base actual and apparent authority on Chambless's position as Ambit's Chief Marketing Officer.[42] But they do not make that allegation in the Complaint, so it cannot save their breach-of-contract claim.

  Plaintiffs further impermissibly attempt to amend the Complaint through their Opposition by claiming that ratification occurred via payments and Kasparov's entry into Ambit's computer system.[43] But the Complaint alleges Ambit's ratification by silence.[44] As explained in Defendants' Memorandum, Plaintiffs' breach-of-contract claims must fail.[45]

  **3. The Complaint does not plead facts suggesting an illegal agreement.** Although Plaintiffs recognize that circumstantial evidence is sufficient to state a valid conspiracy claim, that circumstantial evidence must "plausibly suggest" an illegal agreement.[46] Plaintiffs' Opposition recites a number of the Complaint's allegations, but those recited allegations show

---

[39] Opposition at 15; Complaint ¶ 196.
[40] Opposition at 15.
[41] Complaint ¶ 70.
[42] Opposition at 17.
[43] *Id.* at 19.
[44] Complaint ¶ 33.
[45] *See* Memorandum at 22-24. Plaintiffs' Opposition further claims that the Complaint sufficiently alleges the contracts' terms due to Exhibit 4. Opposition at 19. But as Defendants already explained in their Memorandum, Exhibit 4 is a powerpoint presentation containing pictures and general information. Memorandum at 23. It does not describe the alleged contracts' terms. Plaintiffs do not contest Defendants' argument that the breach-of-contract claims do not sufficiently allege performance or breach.
[46] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

only Thompson and Chambless's independent actions, Chambless's knowledge of Thompson's actions, and Chambless's alleged profit from Thompson's alleged fraud.[47] Such allegations of Defendants' "parallel conduct" do not "point towards a meeting of the minds."[48]

Plaintiffs cite one case—*Emerald Asset Advisors, LLC v. Schaffer*[49]—for the proposition that courts should not dismiss a conspiracy claim "where the plaintiff has submitted evidentiary facts tending to connect the defendant to New York transactions."[50] But *Emerald* addressed a plaintiff's attempt to impute a co-conspirator's New York activities to an out-of-state defendant for personal jurisdiction purposes.[51] It did not hold that pleading a valid conspiracy claim requires only "connect[ing] the defendants to New York."[52] In fact, *Emerald* confirmed that, to establish personal jurisdiction on the basis of conspiracy, the plaintiff must "make a *prima facie* showing of a conspiracy and allege specific facts warranting the inference that the defendants were members of the conspiracy."[53] The Complaint does not do so and therefore must fail.

**4.    The Complaint does not demonstrate that a fiduciary relationship existed.** In their Opposition, Plaintiffs claim that a fiduciary relationship existed between Thompson and Kasparov because (1) "Kasparov had confidence in the integrity and fidelity of Thompson[;]" and (2) "Thompson gained an immense influence and superiority over Kasparov by obtaining access to the Ambit computer system from Chambless...."[54]

Kasparov's unilateral trust and confidence in Thompson does not create a fiduciary

---

[47] *See* Opposition at 21.
[48] *See Twombly*, 550 U.S. at 556-57.
[49] No. 11-CV-1871 (ADS)(WDW), 2012 WL 3870318, at *12 (E.D.N.Y. Sept. 6, 2012).
[50] Opposition at 22.
[51] *Emerald*, 2012 WL 3870318, at *9-*10.
[52] *See* Opposition at 22.
[53] *Emerald*, 2012 WL 3870318, at *10.
[54] Opposition at 23.

relationship unless Thompson accepted that trust or confidence.[55] The Complaint alleges no facts showing such acceptance. And obtaining access to Kasparov's downline could not create a fiduciary relationship. The fiduciary relationship must predate the access to confidential knowledge.[56] Thompson could have owed Kasparov a fiduciary duty only if a fiduciary relationship existed before that access.[57] Kasparov's breach-of-fiduciary-duty claim thus fails.

> **5.     Defendants' alleged enrichment was not unjust.** Plaintiffs claim in their Opposition that "Defendants were unjustly enriched by taking advantage of the efforts of Plaintiffs" and defrauding them.[58] But as explained above and in Defendants' Memorandum, Plaintiffs' fraud claim fails as a matter of law.[59] And the allegation that Ambit profited from Plaintiffs' labor fails to show unjust enrichment. The Complaint itself contends that an MLM company is based on consultants profiting from other consultants (and customers) and the MLM company profiting from the consultants.[60] Such a system does not equate to unjust enrichment.

> **6.     Kasparov bases his promissory estoppel claim on his invalid agency theory.** Plaintiffs' Opposition recites the Complaint's factual allegations relevant to Kasparov's promissory estoppel claim.[61] But Kasparov's promissory estoppel claim fails because it depends on his invalid agency theory.[62] Kasparov cannot recover for promissory estoppel.

Defendants ask that the Court dismiss the Complaint with prejudice.

---

[55] *Thermal Imaging, Inc. v. Sandgrain Secs., Inc.*, 158 F. Supp. 2d 335, 343 (S.D.N.Y. 2001).
[56] *Id.*
[57] *See id.* at 343; *see King County, Washington v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 299 (S.D.N.Y. 2012) (explaining that "there can be no claim for breach of fiduciary duty unless a fiduciary relationship existed *prior* to the transaction giving rise to the alleged wrong.") (emphasis in original).
[58] Opposition at 23-24.
[59] Memorandum at 13-16. Further, Plaintiff Aleph Towers, LLC did not even plead fraud.
[60] Complaint ¶¶ 20-28.
[61] Opposition at 25.
[62] *See* Memorandum at 22-23.

DATE: January 13, 2013                          THOMPSON & KNIGHT LLP


                                                By:/s/ Gabrielle E. Farina
                                                Stephen C. Rasch
                                                Texas Bar No. 16551420, *pro hac vice*

                                                Gabrielle Farina
                                                New York Bar No. 4363412

                                                Matthew M. Mitzner
                                                Texas Bar No. 24068911, *pro hac vice*

                                                900 Third Avenue, 20th Floor
                                                New York, NY 10022-4728
                                                Telephone: 212.751.3014
                                                Facsimile: 214.999.1592

                                                ATTORNEYS FOR DEFENDANTS
                                                AMBIT TEXAS, LLC,
                                                CHRIS CHAMBLESS, AND
                                                ROBERT STEPHEN THOMPSON.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF on this 10th day of January 2013.


                                                /s/ Gabrielle E. Farina
                                                Gabrielle Farina