# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

900 THIRD AVENUE ● 20TH FLOOR
NEW YORK, NEW YORK 10022-4728
(212) 751-3001
FAX (212) 751-3113
www.tklaw.com

DIRECT DIAL: (214) 969-1378
EMAIL: Stephen.Rasch@tklaw.com

AUSTIN
DALLAS
DETROIT
FORT WORTH
HOUSTON
NEW YORK

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS

September 6, 2013

*Via ECF*

Judge John Gleeson
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Pre-Motion Conference Letter Request
      *Aleph Towers, LLC, et al v. Ambit Texas, LLC, et al*, No. CV-12-3488.

Dear Judge Gleeson:

We request a pre-motion conference concerning a proposed motion to transfer venue in the above-referenced matter. We anticipate filing a motion to transfer venue to enforce the venue provision in the parties' agreement, subject to Defendants' motion to compel arbitration that has been filed concurrently with this pre-motion conference letter.

The Policies and Procedures, attached as Exhibit 3 to Plaintiffs' Amended Verified Complaint, provide that "[j]urisdiction and venue of any matter not subject to arbitration shall reside exclusively in Dallas County, State of Texas." Courts routinely enforce forum selection clauses in contracts.[1] Indeed, the Second Circuit has held that such clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[2] Here, the Policies and Procedures provide a mandatory venue that must be enforced.

Accordingly, we respectfully request the scheduling of a pre-motion conference at the Court's convenience to discuss Defendants' contemplated motion.

Respectfully submitted,

/s/ Stephen C. Rasch

---

[1] *See, e.g., Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 720-21 (2d Cir. 2013) (citation and internal quotation marks omitted); *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 708 (2d Cir. 2010). "Because [q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature, federal law applies to the interpretation of forum selection clauses in diversity cases." *Magi XXI, Inc.*, 714 F.3d at 721 (citation and internal quotation marks omitted).

[2] *Magi XXI, Inc.*, 714 F.3d at 720-21.

Stephen C. Rasch

cc:     Daniel Hymowitz, Esq. (*via email and ECF*)