UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YURI (URI) KASPAROV,                               :

                              Plaintiff,        :     **DECISION & ORDER**
                                                      :     12-CV-3488 (WFK)(JO)

            v.                                   :

AMBIT TEXAS, LLC, ET AL.,                :

                            Defendants.     :
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

Magistrate Judge Orenstein issued an order granting the motion to transfer of Defendants Ambit Texas, LLC and Steven Thompson (collectively, "Defendants"). For the reasons provided below, the Court adopts Magistrate Judge Orenstein's report and recommendation over the objection of Yuri Kasparov ("Plaintiff"), and transfers this action to the United States District Court for the Northern District of Texas.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of the case. For purposes of this Decision and Order, the Court accepts as true the factual allegations in the Plaintiff's amended complaint. *Speedfit LLC v. Woodway USA, Inc.*, 53 F. Supp. 3d 561, 576 n.11 (E.D.N.Y. 2014) (Matsumoto, J.) (quoting *Bossom v. Buena Cepa Wines, LCC*, 11-CV-6890, 2011 WL 6182368, at *1 (S.D.N.Y. Dec. 12, 2011) (Briccetti, J.)).

As a network marketing organization, Defendant Ambit Texas, LLC ("Ambit") sells energy through a pyramid of independent consultants. Am. Compl. ¶¶ 20, 24–28, ECF No. 18. In the spring of 2007, Defendant Thompson, one of the first and top earning consultants at Ambit, "begged" Plaintiff to become the first Ambit consultant in New York. *Id.* ¶ 47. Following a "formal sign up," Plaintiff began working as an Ambit consultant in 2007 and received his first check from Ambit in June of 2007. *Id.* ¶¶ 48, 65. Plaintiff later learned that

1

independent consultants he recruited were being placed under Defendant Thompson in a manner that maximized Defendant Thompson's benefit but caused Plaintiff to suffer "enormous losses." *Id.* ¶¶ 57, 62, 67, 68, 75.

On November 16, 2012, Plaintiff filed an amended complaint, alleging six causes of action. *See id.* On August 23, 2013, Judge John Gleeson issued a memorandum and order dismissing all but the breach-of-contract claims against Defendants and the promissory-estoppel claim against Defendant Ambit. Mem. & Order at 17, ECF No. 30. The decision relied upon "a written agreement" between Plaintiff and Ambit attached as exhibits to the amended complaint (the "Written Agreement"). *Id.* at 10 (citing exhibits 2 through 4 of the amended complaint). On January 13, 2014, Plaintiff filed a second amended complaint that neither attached nor incorporate the Written Agreement. *See* 2d Am. Compl., ECF No. 68.

On August 17, 2015, Defendants moved to transfer venue and to compel arbitration and stay further proceedings. *See* Mot. Compel, ECF No. 117; Mot. Change Venue, ECF No. 118. A report and recommendation issued March 10, 2016 by Magistrate Judge James Orenstein recommended transfer of this case to the United States District Court for the Northern District of Texas. Report and Recommendation ("R&R) at 1, ECF No. 124. In reaching this recommendation, Judge Orenstein relied upon the forum selection and arbitration provisions of the Written Agreement. *See* App. & Agree. ¶ 9, ECF No. 18-2 ("The parties agree that any claim, dispute or other difference between [Independent Consultants] and the Ambit Companies, or among [Independent Consultants] and the Ambit Companies, shall be exclusively resolved by binding arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association with arbitration to occur at Dallas, Texas."); Policies & Procedures ¶ 9.3, ECF No. 18-3 ("Jurisdiction and venue of any matter not subject to arbitration shall reside exclusively in

2

Dallas County, State of Texas."). Plaintiff timely objected to Report and Recommendation. *See* Obj., ECF Nos. 125–26.

## DISCUSSION

### I. Legal Standard

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (Berman, J.) (citation omitted). Upon receiving any timely, written objections to the magistrate's recommendation within fourteen days of the recommended disposition, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2), (b)(3). A party objecting to a report and recommendation must point out the specific portions of the report and recommendation to which they object. *See Barratt v. Joie*, 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (Swain, J.) (citations omitted).

When a party raises an objection, the Court must conduct a *de novo* review of any contested sections of the report and recommendation. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (Mukasey, J.). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (Seybert, J.) (internal quotation marks and citation omitted). Even in a *de novo* review of specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo*, 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (Vitaliano, J.) (internal quotation marks and citation omitted).

3

## II. Analysis

Judge Orenstein determined the second amended complaint attempted to plead around the forum selection and arbitration provisions of the Written Agreement. *See* R&R at 4–5 (discussing direct contradictions between the first amended complaint and the second amended complaint). Judge Orenstein correctly stated, "A court has no obligation to accept as true an amended complaint's allegations if they directly contradict facts set forth in a prior pleading." R&R at 4 (citing cases). The Court, finding the second amended complaint to contradict the first amended complaint, adopts Judge Orenstein's reliance upon the first amended complaint.

### A. Choice of Law

Before addressing the merits of Plaintiff's objections, the Court first determines whether to apply New York or Texas law. In the seminal case of *Erie Railroad Company v. Tompkins*, the Supreme Court declared, "There is no federal general common law." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). As a result, "when a federal district court sits in diversity," as the Court does here, "it generally applies the law of the state in which its sits, including that state's choice of law rules." *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). New York's choice of law rules apply in this contract case brought in the Eastern District of New York pursuant to diversity jurisdiction.

"When making a choice of law determination in a contract case, New York courts will normally apply the law of the jurisdiction having the greatest interest in the litigation, as measured by that jurisdiction's contacts with the litigation." *In re Gaston & Snow*, 243 F.3d 599, 607–08 (2d Cir. 2001) (citing *Matter of Allstate Ins. Co.*, 81 N.Y.2d 219, 225–28 (1993)). Here, New York is the jurisdiction having the greatest interest in the litigation. Plaintiff is a citizen of New York, Am. Compl. ¶ 2; the contracts were performed in New York, *id.* ¶¶ 17, 43; and the contracts

dealt with the New York energy market, *id.* ¶¶ 22, 29. As a result, New York law governs the issue of whether a forum selection clause exists in this case.

### B. Existence of the Forum Selection Clause

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (footnote omitted). Plaintiff has presented no exceptional factor requiring denial of Defendants' transfer motion.

Under the Second Circuit's framework for analyzing forum selection agreements, the moving party, here Defendants, must establish a valid forum selection clause by demonstrating: the reasonable communication of the forum selection clause to the party challenging enforcement, *see Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995); the mandatory, rather than permissive, nature of the clause, *see Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84 (2d Cir. 2007); and the scope of the forum selection clause covers the litigated claims, *see Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1358–61 (2d Cir. 1993). In the Report and Recommendation, Magistrate Judge Orenstein found a presumptively valid forum selection clause. R&R at 6–9. Accordingly, Judge Orenstein granted Defendant's motion to transfer venue to the United States District Court for the Northern District of Texas. *Id.* at 10.

Once the moving party establishes a presumptively valid forum selection clause, the burden shifts to the non-moving party, here Plaintiff, "to make a 'strong showing' in order to overcome the presumption of enforceability." *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006). The non-moving party must demonstrate that enforceability would be "'unreasonable or

unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Phillips*, 494 F.3d at 384 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). A forum selection clause is deemed unreasonable: "(1) if its incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will be deprived of his day in court due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clause contravenes a strong public policy of the forum state." *Thibodeau v. Pinnacle FX Investments*, 08-CV-1662, 2008 WL 4849957, at *5 (E.D.N.Y. Nov. 6, 2008) (Bianco, J.) (citing *Roby*, 996 F.2d at 1363).

Plaintiff presents no cogent arguments against Judge Orenstein's finding of a presumptively valid forum selection clause. Plaintiff argues he was provided no notice of the forum selection clause, relying upon two Second Circuit decisions: *Hines v. Overstock.com*, 380 Fed. Appx. 22 (2d Cir. 2010), and *Schnabel v. Trilegiant Corp.*, 697 F.3d 110 (2d Cir. 2012). These cases, however, deal with contracts of adhesion between an online consumer and an internet company. *See Hines*, 380 Fed. Appx. at 23 (dealing with an arbitration clause in the purchase of a vacuum cleaner from Overstock); *Schnabel*, 697 F.3d at 113 (addressing a putative consumer class action against online enrollment practices of a business involved with marketing and selling online programs offering discounts for a membership fee). The case here involves an arms-length employment agreement between an employee and an employer. The Court thus adopts the finding of Judge Orenstein that the forum selection clause was reasonably communicated to Plaintiff. R&R at 7–8.

Defendants' burden in invoking the forum selection clause "does not require [Defendants] to show initially that the agreement would be *enforceable*, merely that one existed." *Hines v. Overstock.com, Inc.*, 380 Fed. Appx. 22, 24 (2d Cir. 2012). Because Plaintiff's objections to

Magistrate Judge Orenstein's Report and Recommendation primarily attack the general *enforceability* of the Written Agreement, and present no new arguments relating to the *existence* of the forum selection clause, *see* Obj. at 2–11, the Court adopts in full the Report and Recommendation.

More specifically, Plaintiff argues "Defendants induced [him] to join as a consultant" and allegedly "signed" Plaintiff's name to an electronic agreement by checking a box on Defendant Ambit's website. *Id.* at 5–6. Although the Court expresses no view on the general validity or enforceability of the Written Agreement, "courts in this Circuit have repeatedly held that non-arbitration forum selection clauses in the domestic context are valid despite a contention that the contract as a whole was fraudulently induced."[1] *Thibodeau*, 2008 WL 4849957 at *8 (collecting cases). Plaintiff's arguments attacking the contract as a whole is inapposite to Magistrate Judge Orenstein's recommendation to transfer this action.

---

[1] The Court expresses no view of the arbitration provision of the clauses at issue.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation of the Honorable Magistrate Judge James Orenstein. *See* R&R, ECF No. 124. The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the Northern District of Texas. The Court does not reach a decision on Defendants' motion to compel arbitration and stay all proceedings. *See* ECF No. 117.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: November 10, 2016
Brooklyn, New York

8